United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. |
| John M. Cicilline, Joseph A. ) | 07-10008-NMG |
| Bevilacqua, Jr., Juan Giraldo ) | |
| and Lisa Torres, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM & ORDER**

**GORTON, J.**

The defendants are charged with obstruction of justice, making false statements to federal officers and conspiracy in connection with an alleged effort to induce the United States Attorney's Office to file so-called "substantial assistance" motions seeking leniency for the defendants in unrelated criminal prosecutions. Before the Court is the defendants' motion to compel production of United States Attorney's Office policies regarding such substantial assistance motions.

I.  **Background**

Defendants John M. Cicilline ("Cicilline") and Joseph A. Bevilacqua, Jr. ("Bevilacqua") were at all relevant times criminal defense attorneys practicing in the state of Rhode Island. Defendant Juan Giraldo ("Giraldo") was employed by

Cicilline and Bevilacqua as a paralegal and interpreter. Defendant Lisa Torres ("Torres") served as a confidential informant ("CI") to the United States Drug Enforcement Agency ("the DEA"). Jacqueline Mendonca ("Mendonca") was a client of Cicilline and Bevilacqua charged with possession of controlled substances in a prosecution in the District of Massachusetts. On January 4, 2007, the defendants were charged in a four-count indictment with conspiracy, obstruction of justice and two counts of making false statements to federal officials.

The indictment alleges that the defendants conspired to offer information that Torres had acquired as a CI to the government but to give credit to the Mendonca so that the government would seek a "substantial assistance" motion on her behalf. In exchange, Mendonca was to pay the defendants a substantial sum of money. That plan, however offensive to public policy, is apparently not a violation of any federal criminal statute.

Substantial assistance motions are ordinarily brought by the government in exchange for cooperation offered and given by the defendant herself. The United States Attorney's Office is reluctant to bring such motions when the cooperation comes from a third party, presumably for fear of encouraging a black market in such cooperation, as they allege was in operation in this case. Third party substantial assistance motions are allegedly

available only when the third party shares a close relationship with the defendant.

Torres and Mendonca had allegedly never met prior to the inception of the transaction in this case. In their effort to induce the Assistant United States Attorney to file a substantial assistance motion the defendants allegedly told him that Torres and Mendonca had been friends for two or three years and were in frequent telephone contact with each other.

The defendants allege that the policy of the U.S. Attorney's Office regarding third-party substantial assistance motions is even more stringent and specific. They assert that such a motion will be filed only if the defendant and the third party are family or very close friends. Thus, they contend that the misstatements that they are alleged to have made were not material because, even though they overstated the Torres-Mendonca relationship, they did not exaggerate it to a level that would have produced a substantial assistance motion. Because the government's decision purportedly would not be changed by virtue of their misstatements, they argue, those misstatements were not material.

In order to substantiate their defense the defendants have moved to compel the government to produce

  a) all written policies regarding the substantial assistance committee for the U.S. Attorney's Office for the District of Massachusetts,
  b) any policies, written or otherwise, that existed in the

        U.S. Attorney's Office in Massachusetts regarding the circumstances under which a person other than a defendant in a federal prosecution could provide cooperation for the anticipated benefit of a defendant and whether such cooperation could result in the filing of a substantial assistance motion,

c) how and when that policy was communicated and
d) the names and docket numbers of any cases in which so-called third party cooperation has been provided in this district.

The government opposes this motion on the grounds that such policies are not, in fact, relevant to the preparation of any defense.

## II. Analysis

### A. Legal Standard

#### 1. Materiality

An essential element of the crime of making false statements is that the statements must be "material to the government inquiry". United States v. Gaudin, 515 U.S. 506, 509 (1995). Materiality, in turn, is

> a natural tendency to influence or be capable of influencing the decision of the decision-making body to which it was addressed.

Id. Therefore, if the government cannot prove that its decisions concerning substantial assistance were affected by the alleged false statements then the defendants cannot be convicted of the crime of making false statements to a federal official.

#### 2. Discovery

The defendants' motion is filed pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i), which provides for discovery of any document or

-4-

object in the government's custody that "is material to preparing the defense". As discussed above, the defendants intend to argue that the false statements alleged are, even if proven, immaterial. They accordingly seek production of the written criteria by which the government makes its decisions concerning third-party substantial assistance motions. If they are provided with written policies that state, for example, that only family members may cooperate on behalf of criminal defendants, then they will argue that because Torres never claimed to be related to Mendonca there was no misstatement which had "a natural tendency to influence or [was] capable of influencing" the government's refusal to file such a motion.

The government denies that the policies in question are relevant to any possible defense. It asserts that the Assitant U.S. Attorney was the primary decision-maker and, because the statements were obviously intended to influence his decision, they were material. It also presents the much broader contention that any false statement by a CI, on any subject, is material because of the crucial trust the government places in its CIs.

The government also notes that Fed. R. Crim. P. 16.1(a)(1)(E) is limited by its own terms to "documents and objects". It asserts that the defendants' request for non-written policies is, therefore, improperly brought.

### B. Application

The general principles of free and open discovery are circumscribed by the existence of various privileges, e.g. law-enforcement or attorney-client, and also by the sound discretion of the District Court. The defendants' motion in this case is not without merit: a successful challenge to the materiality of their alleged false statements would, indeed, result in an acquittal on that count. The government's contention that any false statement by a CI is automatically material and therefore supportive of criminal liability regardless of its subject matter goes too far. Such a rule would read out entirely the materiality requirement of the offense with which these defendants are charged. The government's argument that the statements are material because the defendants intended to influence the AUSA's decision also misses the mark. The test for materiality is objective, i.e. it depends on the actual impact of the alleged false statements, and does not turn on this particular defendant's state of mind. See United States v. Sebaggala, 256 F.3d 59, 65 (1st Cir. 2001).

Therefore, the defendants' motion to compel production will be allowed, in part, and particularly with respect to their first two requests for written policies governing substantial assistance motions. Although their fourth request, for specific names and docket numbers of all third-party-cooperation cases in

this district, also concerns written materials, that goes beyond the scope of what is relevant to preparing the subject defense and need not be produced.

The government's concerns about confidentiality of its internal policies are, although not grounded in any specific privilege, also well-founded. In conjunction with the limited scope of Fed. R. Crim. P. 16(a)(1)(E), an order compelling production of non-written policies or their means of production is precluded. Furthermore, the written materials that are produced in compliance with this Court's order will be provided to the Court in the first instance for <u>in camera</u> review. This Court will promptly review such materials to determine whether their relevance to the defendants' preparation of their defense outweighs the government's interest in maintaining their confidentiality.

**ORDER**

In accordance with the foregoing, the defendants' motion to compel production is, with respect to

> any written policies that existed in 2004 in the Office of the United States Attorney for the District of Massachusetts regarding the circumstances under which a person other than a defendant in a federal prosecution could provide cooperation for the anticipated benefit of a defendant sufficient to warrant the filing of a substantial assistance motion, **ALLOWED**,

but is otherwise **DENIED**. Any such written policies that are subject to this Order shall be produced, on or before January 31, 2008, for in camera review by the Court.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 17, 2008