```
                    United States District Court
                      District of Massachusetts
```

```
_____
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        v.                       )
                                 )    Criminal No.
John M. Cicilline, Joseph A.     )    07-10008-NMG
Bevilacqua, Jr., Juan Giraldo    )
and Lisa Torres,                 )
                                 )
        Defendants.              )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In response to a motion to compel discovery of internal United States Attorney's Office policies the government has submitted certain material to this Court for <u>in camera</u> review. Also before the Court is the government's motion to revoke or modify the terms of one defendant's pre-trial release.

## I.   Background

The defendants are charged in a four-count indictment with obstruction of justice, false statements and conspiracy. The government alleges that the defendant Lisa Torres ("Torres") was a confidential informant ("CI") for the United States Drug Enforcement Agency ("DEA"). It alleges further that Torres attempted to cooperate with the United States Attorney's Office in Boston in a criminal investigation in order to induce it to

-1-

seek "substantial assistance" motions for the client of her co-defendants who are criminal defense attorneys. The government asserts that, in the course of their interactions with the U.S. Attorney's Office, the defendants deliberately misrepresented the relationship between Torres and the client in order to induce the government to file such a motion.

In order to defend against these charges, the defendants propose to argue that any false statements that they may have made were not material and that therefore an essential element of the charged offense cannot be proved. In essence, they contend that if false statements were made, they had no impact on the government's decision to file (or not to file) a substantial assistance motion. In order to prove the immateriality of the statements, they have moved this Court to order the government to produce all policies with respect to the allowance of "substantial assistance" credit for criminal defendants on the basis of cooperation by third parties.

In a Memorandum and Order entered on January 17, 2008, this court allowed, in part, and denied, in part, the defendants' motion to compel discovery. Specifically, it ordered the government to produce for <u>in camera</u> review any written policies that existed in 2004 governing the filing of so-called third party substantial assistance motions. In accordance with that Order the government, first, submitted a description of the

documents it discovered as a result of its search and, after a direction from the Court to produce them in kind, the documents themselves.

**II.  Analysis**

    **A.  The In Camera Submission**

The government has produced for the Court's in camera review three documents that refer tangentially to its practices with respect to third-party cooperation. Each is an internal memorandum composed by an individual Assistant United States Attorney and none purports to set final policy. The government asserts, and the Court agrees, that the documents do not constitute "policy" in the language of this Court's January 17, 2008 Order and are, in any event, protected by the deliberative process privilege.

The deliberative process privilege protects documents that are both "predecisional" and "deliberative". See Town of Norfolk v. U.S. Army Corps of Eng'rs. (968 F.2d 1438, 1458 (1st Cir. 1992). Briefly, a document is "predecisional" if it precedes in time the decision to which it was applied and it is "deliberative" if it constitutes a statement of opinion regarding final policy rather than a description of the ultimate policy itself. Because the documents produced do not set official policy, they are deliberative, and because they were considered

in the course of third-party-cooperation decisions after they were written, they are predecisional.  Therefore, the government's assertion of deliberative process privilege is well-founded.  Communications such as these, by which individual employees of an executive agency contribute to the formation of policy, are precisely the kind of documents that the deliberative process privilege is intended to protect.  Id.  Only through the free exchange of opinions, unfettered by concern of exposure to outside parties, can such agencies operate effectively.  The documents need not be produced for the defendants.

    **B.**    **Motion to Revoke or Amend Conditions of Release**

The terms of Cicilline's pretrial release allow him to travel within Massachusetts, Rhode Island and Connecticut without restriction and, with permission of Pretrial Services, to New York for court appearances.  The government alleges that Cicilline has made several unauthorized trips to New Hampshire and to Maine in violation of his terms of release.  It moves, therefore, to revoke or amend his conditions of release.

Cicilline's opposition avers that he was unaware of the fact that he was not permitted to travel to New Hampshire and Maine. He notes that there was no subterfuge in his trips and cites that fact as evidence of his good faith mistake.  Now that he is aware of the limitations on his movements he pledges to follow them, with apologies for his earlier inadvertent transgressions.

This Court accepts Cicilline's explanation but cautions him that any future violation of his conditions of release, which remain as previously imposed, will result in real sanctions.

**ORDER**

In accordance with the foregoing, the government need not produce to the defendants any of the materials that it has submitted to the Court for <u>in</u> <u>camera</u> review.  The government's motion to revoke or amend conditions of release (Docket No. 81) is **DENIED.**

**So ordered.**

/s/Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated February 13, 2008